**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C06-06287 MJJ |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION TO STRIKE AS MOOT** |
| v. | |
| ROD PENEBAKER, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant Rod Penebaker's ("Defendant" or "Penebaker") Motion to Dismiss or for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(c).[1] Plaintiff United States of America ("Plaintiff" or "United States") opposes Defendant's motion. Also before the Court is Plaintiff's Motion to Strike the Declaration of Rod Penebaker and Documents Offered in Support of Defendant's Motion to Dismiss or for Judgment on the Pleadings.[2] Defendant opposes Plaintiff's motion to strike. For the following reasons, the Court **DENIES** Defendant's Motions to Dismiss, and **DENIES** Plaintiff's Motion to Strike as moot.

## FACTUAL BACKGROUND

In this civil action Plaintiff seeks to eject Defendant from certain public land held by the Department of the Army known as the Oakland Inner Harbor Tidal Canal (hereafter, "the Canal").

---

[1] Docket No. 22.

[2] Docket No. 23.

The material allegations taken from the Plaintiff's Complaint are as follows.

Plaintiff owns the Canal. (Complaint ("Compl.") ¶ 3.) The Canal lies between the cities of Oakland and Alameda and consists of approximately 85 acres of land (which is nearly 400-feet wide, nearly two miles long and includes an upland strip of property, approximately 50-feet wide, on each side of the canal). (*Id.*) The United States Army Corps of Engineers ("USACE") is the agency responsible for the management and administration of the Canal, including the real property occupied by Defendant. (*Id.*)

The real property occupied by Defendant is located within the Canal and is identified as 3221 Alameda Avenue, in Oakland, California (hereafter, "the Premises"). (*Id.* ¶ 4.) Defendant originally occupied the Premises on or about August 15, 2004. (*Id.*) To date, the USACE has not issued any documents or conveyed any rights to permit any structures or occupants at the Premises. (*Id.*)

By letter dated February 16, 2005, the USACE asked Defendant to produce documentation authorizing the structure located on the Premises to be on property of the United States. (*Id.* ¶ 5.) On March 3, 2005, Defendant replied by providing a photocopy of a War Department letter dated June 3, 1913, that addressed open, non-permanent wharf structures. (*Id.*) The War Department's letter did not convey a real estate interest in the land or provide any right to occupy or maintain a structure on property of the United States. (*Id.*) Defendant provided no other documents to the USACE indicating that Defendant had any legal right, or was otherwise authorized, to occupy or maintain structures on the Premises. (*Id.*) Accordingly, by letter dated June 30, 2005, the USACE issued, and served on Defendant, a Notice to Vacate. (*Id.* ¶ 6.)

According to the Complaint, by virtue of its ownership of the Canal, Plaintiff is entitled to exclusive possession of the Premises. (*Id.*) Plaintiff asserts two claims for relief: (1) Ejectment; and (2) Trespass and Injunctive Relief.[3] (*Id.* ¶¶ 9-19.) Among other things, Plaintiff seeks a decree that Defendant has no valid claim or right to occupy the Premises, an order requiring Defendant to vacate the Premises and remove all personal property and structures, an order requiring Plaintiff to pay rent for each month that Defendant occupied or used the Premises, and costs. (*Id.* ¶ 4-5.)

---

[3] Plaintiff also claims that by entering and remaining on the Canal for the purposes of using the Premises unlawfully and in trespass, Defendant is in violation of 18 U.S.C. § 1382. (*Id.* ¶¶ 8, 11.)

2

**LEGAL STANDARDS**

**I.    Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeking to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court must accept the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). For a factual attack, in contrast, the Court may consider extrinsic evidence. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Further, the court does not have to assume the truthfulness of the allegations, and may resolve any factual disputes. *See White*, 227 F.3d at 1242. Thus, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

In the Ninth Circuit, "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specific in *Bell v. Hood*, 327 U.S. 678 [] (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983); *see Safe Air for Everyone*, 373 F.3d at 1039. The *Bell* standard provides that jurisdictional dismissals are warranted "where the alleged claim under the [C]onstitution or federal statute clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such a claim is wholly insubstantial and frivolous." 327 U.S. at 682-83. Additionally, the Ninth Circuit has admonished

3

that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley*, 711 F.2d at 139. The jurisdictional issue and the substantive issues are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Sun Valley*, 711 F.2d at 139).

**II.     Motions to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) challenges the legal sufficiency of the opposing party's pleadings. The pertinent legal standard for a Rule 12(c) and Rule 12(b)(6) motion is the same. *Brennan v. Concord EFS, Inc.*, 369 F. Supp. 2d 1127, 1130 (N.D. Cal. 2005) (citing *In re World War II Era Japanese Forced Labor Litigation*, 114 F. Supp. 2d 939, 944 (N.D. Cal. 2000) (citations omitted)). Accordingly, the Court will treat Defendant's pending motions under Rule 12(b)(6) and refer to them generally as "motions to dismiss." *Id*.

4

**ANALYSIS**

**I.  Subject Matter Jurisdiction**

Defendant's first argument is that this Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.  In his opening brief Defendant contends that because Plaintiff's sole basis for relief is an alleged *criminal* claim pursuant to 18 U.S.C. § 1342, it is improper for Plaintiff to predicate subject matter jurisdiction upon 28 U.S.C. §§ 1331 and 1345, which provide subject matter jurisdiction over *civil* actions, only.  In its opposition, Plaintiff insists that Defendant's reliance on 18 U.S.C. § 1342 is misplaced.  In doing so, Plaintiff explains that it does not rely on 18 U.S.C. § 1342 as a basis for liability, but instead as additional evidence showing that Defendant's continued possession of the Premises is wrongful.  According to Plaintiff, 28 U.S.C. §§ 1331 and 1345 independently provide a basis for this Court's subject matter jurisdiction over this action.  In his reply brief, Defendant appears to concede that subject matter jurisdiction is appropriate over Plaintiff's civil claims, but continues to insist that no subject matter jurisdiction exists over Plaintiff's criminal claim under 18 U.S.C. § 1342.  As explained more fully below, the Court finds that it has subject matter jurisdiction over the entire action.

Section 1331 provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. Section 1345 provides, "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."  28 U.S.C. § 1345.  As to those actions commenced by the United States, courts have stated that the absence of specific statutory authority is no obstacle to a district court's original jurisdiction.  *See Brennan v. Buckeye Industries, Inc.*, 374 F. Supp. 1350, 1352-53 (S.D. Ga. 1974) (stating "[i]t is settled that no such prerequisite exists to the appearance of the United States before its own courts.") (citing *United States v. San Jacinto*, 125 U.S. 273, 278-85; *United States v. York*, 398 F.2d 582 (6th Cir. 1968)); *see also United States v. Williams*, 441 F.2d 637, 643 (5th Cir. 1971) (subject matter jurisdiction in boundary dispute involving United States was predicated on 28 U.S.C. § 1345).

Because these Section 1331 and Section 1345 respectively grant original jurisdiction to this

Court over civil actions involving federal questions and civil actions commenced by the United States, and because the current case involves claims commenced by the United States, the Court finds that it has subject matter jurisdiction over Plaintiff's claims for ejectment, trespass, injunctive relief, and damages.

In conclusion, the Court finds Defendant's criminal trespass argument lacks merit. In addition to the absence of an actual criminal claim in the Complaint, the Court further notes that Plaintiff concedes in its opposition that it has not pleaded a criminal trespass claim in this case. (Pl.'s Opp. at 12:19-24.) Plaintiff's mere reference to 18 U.S.C. § 1342 within the Complaint does not effect this Court's original subject matter jurisdiction over the United States' civil claims. For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss pursuant to Rule 12(b)(1). The Court now addresses Defendant's Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) and Rule 12(c).

## II.     Failure to State a Claim

Defendant's second argument is that this Court should dismiss Plaintiff's Complaint for failure to state a claim because Plaintiff cannot establish the necessary elements of criminal trespass pursuant to 18 U.S.C. § 1342. In its opposition, having conceded that Plaintiff is not asserting a criminal trespass claim, Plaintiff states that it has properly pleaded its civil claims for ejectment and trespass. In his reply, Defendant makes a new argument. Moving away from his original criminal trespass argument, Defendant instead argues that Plaintiff has failed to plead the elements of its civil claims for ejectment and trespass. The Court now turns to the elements of ejectment and civil trespass.

In identifying the elements of Plaintiff's claims, the Court notes that in cases where jurisdiction of the district court is predicated on a statute granting district courts original jurisdiction in civil actions commenced by the United States, the law of the state in which the lands were located governs the controversy. *See Williams*, 441 F.2d at 643 (citing 28 U.S.C. § 1345). Under California law, the essential elements of an action for ejection are ownership by plaintiff disclosing a right to possession and a withholding thereof from the plaintiff. *United States v. Santos*, 878 F. Supp. 1359, 1363 (D. Guam 1993) (citing *Baugh v. Consumers Assoc., Ltd*., 241 Cal. App. 2d 672, 675 (Cal.

6

Dist. Ct. App. 1966) (applying California law)).  The essential elements for civil trespass are the intentional use of the property of another without authorization and without privilege.  *United States v. Imperial Irrigation Dist.*, 799 F. Supp. 1052, 1059 (S.D. Cal. 1992) (involving civil trespass on land located in California).  California courts have defined trespass as an unlawful interference with possession of property.  *Girard v. Ball*, 125 Cal. App. 3d 772, 788 (1981); *see also* 5 Witkin, *Summary of California Law*, Torts, § 693, p. 1018 (10th ed. 2005) ("Trespass to property is the unlawful interference with its possession.").  The essence of trespass is an unauthorized entry onto the land of another.  *Civic W. Corp. v. Zila Indus., Inc.*, 66 Cal. App. 3d 1, 16 (1977); *Miller & Desatnik Mgmt. Co. v. Bullock*, 221 Cal. App. 3d Supp. 13, 20 n.6 (1990).

Here, Plaintiff has sufficiently pleaded facts to sustain its claims for ejectment and civil trespass under California law.  As to its claim for ejectment, Plaintiff has alleged ownership of the Premises and a withholding of possession by Defendant.  (Compl. ¶¶ 1, 7, 8, 9-12.)  As to its claim for trespass, Plaintiff has sufficiently alleged Defendant's unauthorized entry and unlawful interference with Plaintiff's possession of the Premises.  (*Id*. ¶¶ 7, 8, 13-19.)  Because Plaintiff has sufficiently alleged the necessary elements of its claims and because this Court must accept those allegations as true and construe them in the light most favorable to Plaintiff, the Court **DENIES** Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) and Rule 12(c).  *See Shwarz*, 234 F.3d at 435.[4]

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motions to Dismiss and **DENIES** Plaintiff's Motion to Strike as moot.  The hearing in this matter scheduled for June 6, 2007 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: June 4, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[4] Additionally, because the Court does not rely on the contents of the Penebaker Declaration for purposes of this motion, the Court **DENIES** Plaintiff's Motion to Strike as moot.

7