SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney
Northern District of California
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CHARLES M. O'CONNOR (CSBN 56320)
Assistant United States Attorney
    450 Golden Gate Avenue, 9th Floor
    P.O. Box 36055
    San Francisco, CA 94102-3495
    Telephone:  (415) 436-7200
    Facsimile:   (415) 436-6748

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>ROD PENEBAKER,<br><br>           Defendant. | CIVIL NO: C 06-6287 MJJ<br><br>**CONSENT DECREE** |

WHEREAS, Plaintiff, United States of America ("Plaintiff" or "the United States"), through its undersigned attorneys, filed a Complaint for Ejectment, Trespass, Injunctive Relief and Damages ("Complaint") in the United States District Court for the Northern District of California, alleging that the Defendant Rod Penebaker ("Defendant" or "Penebaker") was unlawfully occupying real property of the United States within the Oakland Inner Harbor Tidal Canal ("OIHTC"); and,

WHEREAS, Plaintiff and Defendant have agreed that settlement of this action is in the public interest and that the entry of this Consent Decree (hereafter also referred to as "Decree") without further litigation is the most appropriate means of resolving this action, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

**GENERAL PROVISIONS**

1) This civil action was instituted to eject the Defendant from public land held by the Department of the Army, and to require the Defendant to vacate and remove his personal property, structures and their appurtenances within the OIHTC.

2) This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345.  Venue is appropriate pursuant to 28 U.S.C. § 1391(b) because the subject real property is situated in the County of Alameda, within this judicial district, and the Defendant also resides in this district.

3) The Complaint states claims upon which relief can be granted.

4) The structure and real property which are the subject of this Decree are located at 3221 Alameda Avenue, Oakland, California (herein also referred to as "the Premises"), within the OIHTC.

5) This Decree shall apply to and be binding upon the Defendant, his agents, employees, successors, heirs, and assigns, and any person, firm, or corporation acting in concert or participation with the Defendant.

6) This Court shall retain jurisdiction over this case to modify and/or enforce the terms and conditions of this Decree and to resolve such disputes arising hereunder as may be necessary or appropriate for the construction or execution of this Decree.

7) If either party fails to perform under the terms of this Decree, the prevailing party shall be entitled to reasonable expenses incurred in enforcing the requirements of this Decree, including, but not limited to, attorney's fees.  Both parties reserve all legal and equitable remedies available to enforce the provisions of this Decree.

**SCOPE OF CONSENT DECREE**

8) This Decree shall constitute a complete and final settlement of all civil claims for relief and/or penalties related to this property.  Specifically, the United States agrees that this settlement encompasses all current claims against Defendant by the Army Corps of Engineers with regard to this property.

//

1   9) This Decree is not and shall not be interpreted to be a permit or modification of any existing permit.

2   10) This Decree in no way affects or relieves the Defendant of his responsibility to comply with any applicable federal, state, or local law, regulation, or permit.

3   11) This Decree in no way affects the rights of the United States against any person not a party to this Decree.

4   12) Both parties reserve any and all legal and equitable remedies available to enforce the provisions of this Decree and applicable law.

5   13) Nothing in this Decree shall constitute an admission of fact or law by any party.

6   14) Upon approval of this Court, this Decree shall have the force and effect of a final judgment.

## NOTICE

15) All notices, reports, and submissions and other communications required by this Decree shall be in writing and shall be sent by U.S. mail, addressed as follows:

For the Corps of Engineers:

> MERRY GOODENOUGH
> District Counsel
> United States Army Corps of Engineers
> 1455 Market Street, Suite 1660
> San Francisco, California, 94103-1398

For the United States Attorney's Office:

> CHARLES M. O'CONNOR
> Assistant United States Attorney
> 450 Golden Gate Avenue, 9th Floor
> P.O. BOX 36055
> San Francisco, California, 94102

For the Defendant:

> DAN KELLEHER, ESQ.
> O'Brien & Kelleher, LLP
> 1655 N. Main St. Suite 220
> Walnut Creek, California 94596-4642

//

//

**CONSENT DECREE**
*U.S. v. ROD PENEBAKER,* **C 06-6287 MJJ**                                  -3-

**PROVISIONS FOR REMOVAL**

16) Not later than 30 calendar days after court signs this Decree, the Defendant shall, at his own expense and subject to the reasonable approval of the Corps of Engineers, prepare and submit a plan for removal (entitled "Removal Plan") of the structure and docks on the Premises, including but not limited to all parts of the structure currently supported by pilings and all parts of the docks, except pilings to which they are attached.

17) The Defendant shall, at his own expense, prepare and submit to the Corps for approval a schedule for implementation of the Removal Plan ("Schedule for Removal") not later than 15 calendar days after notice to Defendant's counsel of the Corps' approval of the Removal Plan. The Schedule for Removal must provide for completion of all parts of the Removal Plan not later than 180 calendar days after Defendant's counsel is notified of the Corps' approval of the Schedule for Removal (also referred herein as the "Schedule"), which approval shall not be unreasonably withheld.

18) The Defendant shall, at his own expense, obtain any and all other necessary approvals or permits for all parts of the Removal Plan in conformance with the Schedule, from any and all other federal, state and/or local authorities. The Defendant shall exercise good faith and due diligence in making timely application for such approvals and permits and timely comply with all requirements of the responsible authorities. The Corps' will not require permits for the removal of the structure, and the Defendant will not conduct operations under this Decree in a manner that would invoke Section 10 and/or 13 of the Rivers and Harbors Act of 1899 or the Clean Water Act, and the Corps will document to other governmental agencies, if required, that U.S. District Court has ordered the removal of this structure pursuant to this Decree.

19) The Corps' agrees that unforseen permitting from various governmental agencies may preclude the Defendant from completing the scheduled project. In the event of delays caused by other governmental agencies, the Corps' will grant reasonable extensions of time for completion of the project as long as Defendant proceeds diligently and in good faith.

//

//

**CONSENT DECREE**
*U.S. v. ROD PENEBAKER,* **C 06-6287 MJJ**                                                            -4-

**SAFEGUARDS**

20) Not later than 30 calendar days after the Schedule for Removal is approved by the Corps, the Defendant shall provide adequate financial assurance that the Removal Plan will be implemented in accordance with the Schedule, and that success will be achieved as defined under the Removal Plan, by providing a performance bond for the benefit of the United States, in the amount of $150,000, for a period of two years. Upon completion of the Removal Plan, pursuant to the approved Schedule for Removal, the performance bond will be exonerated.

21) If the Defendant fails to comply with any of the terms or conditions of this Decree and fully complete Removal Plan, in accordance with the Schedule for Removal, the United States may exercise its rights under the performance bond and arrange for completion of the Removal Plan by a qualified contractor of its choice, at its sole discretion.

22) If the Defendant:

a. fails to fully complete the Removal Plan, in accordance with the Schedule for Removal;

b. files a voluntary petition in bankruptcy under the Bankruptcy Code of the United States, or is/are adjudicated bankrupt under such Code;

c. is the subject of a petition filed in Federal or State Court for the appointment of a trustee or receiver in bankruptcy or insolvency; or

d. makes a general assignment for the benefit of creditors,

then, at the option of the United States, it may exercise its rights under the performance bond and arrange for completion of the Removal Plan by a qualified contractor of its choice, at its sole discretion. The Defendant shall also be liable for attorney's fees and costs incurred by the United States as a result of any of the actions of the Defendant, as set forth at a. through d., above. Upon the occurrence of any of the events or conditions described in this paragraph, the Defendant shall give immediate notice to the United States Attorney's Office and the Corps of Engineers, pursuant to the Notice section, above.

23) The United States shall be deemed a judgment creditor for the purposes of collecting any attorneys' fees or costs.

//

24) This Decree does not grant any property rights or exclusive privileges.

25) This Decree does not authorize any injury to the property rights of others.

26) This Decree does not impose any liability on the United States government nor does the United States government assume any liability for the following:

a. Damages to persons, or the property of others caused by implementation of the Removal Plan.

b. Design or construction deficiencies associated with the Removal Plan.

27) This Court shall retain jurisdiction over this matter until all obligations have been satisfied and all terms are carried out, as certified by the United States.

## RELEASE

28) The Defendant hereby releases and holds harmless the United States and its agents and employees from any liability for damages or any loses resulting from the initiation and prosecution of this action.

29) The Defendant specifically renounces and releases any and all claims to ownership or right to possession of the real property at 3221 Alameda Avenue, Oakland, California.

30) The Defendant specifically waives any and all rights to seek compensation for a taking under the 5th Amendment, United States Constitution.

31) Except for claims arising out of a breach of this agreement, the Plaintiff and Defendant each agree to bear their own costs of suit, including attorneys fees, and release and mutually discharge any claims relating to this property and the removal of the structure.

//

//

//

//

## ACKNOWLEDGMENT

32) The Defendant acknowledges receipt of copies of the Complaint it the above-captioned case and this Consent Decree, acknowledges that he is familiar with their terms, and waives service of process for these documents. By his signature the Defendant certifies that he is

1  competent to enter into terms and conditions of this Consent Decree and to execute and legally
2  bind himself to this document and the terms and conditions herein.
3  Dated: December_17, 2007

                                        /s/
                                        _____
                                        ROD PENEBAKER
                                        Defendant

7  Dated: December _17, 2007            O'BRIEN & KELLEHER

                                        /s/
                                        _____
                                        COLLEEN O'BRIEN

                                        Attorneys for Defendant

13 Dated: December_17, 2007             SCOTT N. SCHOOLS
                                        United States Attorney

                                        /s/
                                        _____
                                        CHARLES M. O'CONNOR
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff

Of Counsel:
MERRY GOODENOUGH
District Counsel
U.S. Army Corps of Engineers

**ORDER**

The above Consent Decree is approved AND SO ORDERED.

Dated: December___21, 2007

IT IS SO ORDERED
/s/ Martin J. Jenkins
Judge Martin J. Jenkins

**CONSENT DECREE**
*U.S. v. ROD PENEBAKER,* **C 06-6287 MJJ**                                                      -7-